BRYANT STATE BANK OF BRYANT, Respondent, v.
KNADLE, Appellant.

(215 N. W. 694.)

(File No. 5848.    Opinion filed October 22, 1927.)

**Appeal and Error—Refusal to Permit Amended Answer, in Action for Breach of Warranty Covenants in Deed, Held Not Prejudicial; Proposed Answer Stating No Defense.**

In action for breach of covenants of warranty in deed, defendant was not prejudiced by denial of leave to file amended answer, alleging defendant's insolvency when deed was executed, delivery thereof in full settlement of all obligations to plaintiff, knowledge of judgment lien on land conveyed and other land, and parties' belief that judgment would be satisfied by first resorting to other property and that mortgage on land conveyed was not for more than amount mentioned in deed; such answer stating no defense and not being essentially different from answer filed.

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-No. 1041(3), 4 C. J. Sec. 2920.

Appeal from Circuit Court, Hamlin County; Hon. W. N. Skinner, Judge.

Action by the Bryant State Bank of Bryant, S. D., against John Knadle, sometimes known as J. N. Knadle and John N. Knadle. From an order denying leave to file an amended and supplemental answer, defendant appeals. Affirmed.

*Hans Hanson,* of Vienna, for Appellant.

*McFarland & Kremer,* of Watertown, for Respondent.

BURCH, J.    This is an appeal from an order of the trial court denying leave to defendant to file an amended and supplemental answer.

Plaintiff's action is based upon a warranty deed for breach of covenants of warranty. The complaint contains two causes of action. The first cause is to recover the amount of a judgment appearing as a lien on the land conveyed. The second cause is to recover the excess in the amount of a mortgage of record over the amount named in the deed and assumed by the grantor. Defendant's answer admits the execution and delivery of the deed and the warranties, and as a defense to the first cause of action alleges that it was "understood and believed" by both plaintiff and

defendant that the judgment forming the basis of plaintiff's first cause of action would be discharged and released by the judgment creditor without further act of either party. As a defense to plaintiff's second cause of action, the answer alleges it was "understood and believed" by both parties that the mortgage was in fact as named in the deed. Defendant then offers to do and perform any act necessary to place plaintiff in the same position it was in before the delivery of the deed, and seeks a rescission on the ground of mistake.

Defendant procured a continuance over one term. Later he asked leave to file an amended and supplemental answer. The proposed amended answer alleged that at the time of the execution of the deed defendant was insolvent; that the deed was delivered to plaintiff in full settlement of all obligations of defendant to plaintiff; that prior to the execution of the deed plaintiff knew of the judgment and that it was a lien on the land; that plaintiff knew the Bank of Vienna was a co-judgment debtor and the judgment was a lien on other land; that both plaintiff and defendant believed that there was a sufficient equity in all the land to more than cover all liens and incumbrances on said property; that both parties believed the judgment would be satisfied by first resorting to the property not described in the deed; that the judgment was satisfied by resort to only part of the land described in the deed; and that when the deed was executed all parties to the transaction believed the mortgage was not more than the amount mentioned in the deed.

The trial court refused to grant leave to file the amended answer on the ground that it stated no defense. From the order denying such leave defendant appealed.

Respondent contends that the order is not an appealable order, but we do not think it necessary to decide this question. It is obvious that the proposed amended answer states no defense and is not essentially different from the answer. No prejudice resulted from the action of the trial court.

The order appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, J., concur.
GATES and SHERWOOD, JJ., not sitting.